**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

SOLOMON CASSELL,

    Plaintiff,

v.

RALPH KEMP; WARDEN BRUCE
CHAPMAN; RUFUS LOGAN; TOM
GRAMIAK; and NATHAN BROOKS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-88

## O R D E R

This Court issued its Order and Report and Recommendation on January 5, 2015, recommending that this action be dismissed for failure to state a claim and that Plaintiff be denied leave to appeal *in forma pauperis*. (Doc. 9.) It appears that due to a scrivener's error, the undersigned inadvertently stated that "Plaintiff does allege a plausible claim that the conditions of confinement in the Tier II unit constitute a deprivation of life's necessities." Eighth Amendment claim. (See Id., p. 9, l. 2.) However, the Court later correctly stated that Plaintiff's claims under the Eighth Amendment against Defendants Gramiak and Brooks should be dismissed. (See Id., p. 9, ll. 4-5.)

The undersigned intended to state that Plaintiff does <u>not</u> allege a condition of confinement that constitutes a deprivation of life necessities. Indeed, the Report and Recommendation cited the list of Tier II Conditions and Privileges that clarify that Plaintiff's conditions of confinement in the Tire II Unit do not rise to the level of such deprivation.

Accordingly, in an abundance of caution, this portion of the Report and Recommendation is hereby **CORRECTED** to read as follows:

> Plaintiff does not allege a plausible claim that the conditions of confinement in the Tier II Unit constitute a deprivation of "the minimal civilized measure of life's necessities."[1] Rhodes, 452 U.S. at 349. Accordingly, his claims under the Eighth Amendment against Defendants Gramiak and Brooks should be **DISMISSED**.

In light of this scrivener's error, the Court will allow additional time for the filing of any objections to the January 5, 2016 Order and Report and Recommendation. Any party seeking to object to the Report and Recommendation is **ORDERED** to file specific written objections **within fourteen (14) days of the date of this Order**. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

---

[1] Plaintiff attached a list entitled "Tier II Conditions and Privileges" to his Complaint. (Doc. 1, p. 13.)

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

Except as explicitly stated herein, the January 5, 2016 Order and Report and Recommendation as issued remains unchanged in all aspects.

**SO ORDERED**, this 19th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA